**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**JEAN SANDBERG,**

Plaintiff,

v.

**WILLIAM J. HENDERSON, United States Postmaster General/United States Postal Service Chief Executive Officer,**

Defendant.

Civil No. 00-2398 (MJD/JGL)

**O R D E R**

---

APPEARANCES

Reino Paaso, Esq., for Plaintiff.

Mary Jo Madigan, Esq., for Defendant.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on July 23, 2001 on Plaintiff's Motion to Compel Discovery (Doc No. 19). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. FACTS

This lawsuit arises from claims of employment discrimination and wrongful discharge brought under the Americans With Disabilities Act. The same parties were involved in a prior case in which a jury awarded Plaintiff

FILED JUL 25 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.______
DEPUTY CLERK______

$80,000 in damages. The current case involves alleged discrimination that occurred after the facts leading to the first case.

Defendant filed his initial disclosures on March 5, 2001. On March 16, 2001, Plaintiff served Defendant with her first set of interrogatories and document requests. On April 17, 2001, Defendant served his answers and objections to Plaintiff's first set of interrogatories. Defendant objected to many of the interrogatories because they violated 5 U.S.C. § 552(a )("The Privacy Act") or because they were overly broad and unduly burdensome. Plaintiff challenges these characterizations and, after trying to resolve the issue with Defendant, filed the current motion.

At the motion hearing, Plaintiff stated that many discovery issues were resolved. Accordingly, this Order will address only the unresolved issues as they were presented at the motion hearing.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide for liberal discovery. See Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U. S. 495, 501 (1947). Limited only by the broad scope of Rule 26(b), a party has the right to request any information within the "possession, custody, or control" of the party being served. Fed. R. Civ. P. 34(a). Written interrogatories and requests for the production of documents are two discovery methods allowed under the Federal Rules. See

Fed. R. Civ. P. 26(a)(5). When served with interrogatories, the party must answer and "furnish such information as is available to the party." Fed. R. Civ. P. 33(a). If a party objects to an interrogatory, the party must state the reason for the objection with specificity and answer the interrogatory to the extent it is not objectionable. See Fed. R. Civ. P. 33(b)(1), 33(b)(4). If a party objects to a document request, the party must state the reason for the objection. See Fed. R. Civ. P. 34(b).

### A. Plaintiff's Interrogatory No. 12

Plaintiff's interrogatory No. 12 asks Defendant to:

> identify all employees, at the St. Paul, Minnesota Main Post Office who have been made to take a fitness for duty examination and state the reason for the request that was given on the face of the request. For each employee so identified state whether any supporting documentation was provided for the request to take a fitness for duty examination.

Plaintiff brings the present motion because Defendant told Plaintiff he would not provide the information "absent a court order." This statement leads Plaintiff to believe Defendant has the requested information and is withholding it. Moreover, Plaintiff states that she inspected some of this information in conjunction with the prior lawsuit. Plaintiff argues that this proves the information exists and, therefore, must be produced. Defendant responds that there is no system for finding or accessing the requested information, and therefore it cannot be produced.

It was unclear at oral argument whether this information exists or not. Defendant's original objection did not mention unavailability. However, Defendant's memorandum states that "the Postal Service has no system of maintaining records on people who have had FFDs [fitness for duty examinations]" and Defendant argued the lack of such a system at the motion hearing.

The information may exist somewhere, whether or not there is a logging system. If it exists, such information would clearly be in the possession, custody, and control of the Post Office and Rule 34(a) requires production. "Control" includes the "right, authority, or practical ability" to obtain the information. Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 636 (D. Minn. 2000) (citations omitted). Even if a central logging system does not exist, Defendant has not demonstrated a lack of "practical ability" to retrieve it. Defendant did not rebut Plaintiff's argument that such information was provided in the prior litigation. Without such an averment, the Court must assume the information is accessible by some means.

Defendant's initial objections to this request included boiler plate language that the request was "overly broad [and] unduly burdensome," but gave no specific facts to support this contention. Any objection to an interrogatory must be stated with specificity and cannot be merely conclusory. See Fed. R. Civ. P. 33(b)(4); Mead Corp. v. Riverwood Natural Res. Corp., 145 F.R.D. 512,

515 (D. Minn. 1992). Defendant's answer failed to comply with the Rules. Absent an allegation of facts which demonstrate the "burden imposed by preparation of a proper response," a party must fully answer interrogatories. Id. Therefore, Plaintiff's motion is granted insofar as such information exists and is in the possession, control, and custody of Defendant. Defendant is ordered to either provide the information or to provide a complete, fact-based reason why he is unable to do so.

**B. Plaintiff's Interrogatory No. 15**

Interrogatory No.15 asks Defendant to "[i]dentify each individual who has applied for the Management Supervision Training Program, that Plaintiff was denied admission to, in the past four years, give their test scores, datcs of training and identify their recommendations for the program."

Plaintiff argues that information regarding applications for the Management Supervision Training Program are relevant to this litigation. Defendant responds that the Training Program issue is res judicata because it was litigated in the prior lawsuit. Plaintiff does not rebut the fact that this issue was previously litigated, but argues the information is necessary to prove she was denied acceptance into the Management Supervision Training Program.

"A final judgment on the merits of an action precludes the parties. . . from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980); Parklane Hosiery Co., Inc. v. Shore, 439

U.S. 322, 326 (1979). Plaintiff concedes that this issue was decided in the first case, at least for the time period ending February 6, 1998, the time period Plaintiff admits was covered in the first lawsuit. In addition, Plaintiff's May 14, 2001 and July 18, 2001 letters to Defendant specifically state that the relevant time period is "since February 6, 1998." Therefore, any material relating to this the Management Supervision Training Program prior to that date is irrelevant. However, any information subsequent to that date is discoverable by Plaintiff.

Defendant argues that Plaintiff is "in the process of being separated" from the Post Office and, therefore, is not entitled to the information. However, Defendant does not explain how "being separated" relates to the Post Office's discovery obligations under the Rules. Therefore, this part of Plaintiff's motion is granted regarding information dated after February 6, 1998 and denied regarding information prior to that date.

### C. Defendant's Failure to Provide Communications Relating to Plaintiff's Desire to Return to Work

Plaintiff argues that Defendant only provided recent information when the request covered a longer time period. Plaintiff argues that Defendant must have older records because the Post Office is involved in on-going EEO litigation and is required to keep such information during the pendency of such cases. Plaintiff failed to cite any rule or offer any other support for her argument. Defendant responds that he has given Plaintiff "everything we have" because all communications are destroyed after six months. The Court must

accept the Post Office's averment that it has fully produced all discoverable materials in response to the interrogatory. Short of sanctioning "a recalcitrant party" for failing to honor discovery obligations, courts have no way to test the veracity of a party's claim that it has fully complied with the rules and must, therefore, accept representations that they have complied. See Onwuka v. Federal Express Corp., 178 F.R.D. 508, 514 n.2 (D. Minn. 1997) (citations omitted). Lumber v. PPG Indus., Inc., 168 F.R.D. 641, 643 n.1 (D. Minn. 1996). Thus, this part of Plaintiff's motion is denied.

### D. Defendant's Failure to Provide Information on All Complaints Filed Against St. Paul Post Office Management

In response to this request, Defendant provided all EEO Complaints within the Post Office's control. Plaintiff argues that there are "other" complaints against the Post Office, but offers no support for this argument. Defendant responds that the Post Office only keeps records of EEO complaints. Once again, absent a compelling argument from Plaintiff, the Court must accept Defendant's representation that he has fully produced all discoverable materials within its control. See id. Therefore, this part of Plaintiff's motion is denied.

### E. Defendant's Failure to Providc EEO Counselor's Notes

Plaintiff argues that she was not provided with the EEO Counselor's Notes she requested. Defendant responds that although they were not separately labeled, any and all counselor's notes were included in the EEO

materials given to Plaintiff. Plaintiff does not rebut this argument. Therefore, this part of Plaintiff's motion is denied as moot.

**F. Defendant's Objections Based on Violation of 5 U.S.C. § 552(a)**

The Parties informed the Court that all issues surrounding the Protective Order have been resolved. Therefore, this part of Plaintiff's motion is denied as moot.

**G. Defendant's Incomplete Initial Disclosures**

Plaintiff argues that Defendant made incomplete initial disclosures in violation of Rule 26(a)(1). Specifically, Plaintiff argues that she had to discover the names of Post Office forms before Defendant would release information regarding Plaintiff's salary and benefits. Defendant has since provided Plaintiff with a salary history and an employee benefit statement. Therefore, this part of Plaintiff's motion is denied as moot.

Plaintiff further argued that sanctions are appropriate because Defendant's initial disclosures were incomplete. This argument without merit. Therefore, this part of Plaintiff's motion is denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Plaintiff's Motion to Compel Discovery (Doc. No. 19) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order; and

(2) Defendant must comply with the Order and respond to any outstanding discovery requests by August 27, 2001.

Dated: July 25, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

**Please forward this announcement to the recipient of this fax.**

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500