UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jean Sandberg,

Plaintiff,

v.

MEMORANDUM OPINION
AND ORDER
Civil No. 00-2398(MJD/JGL)

William J. Henderson,
United States Postmaster
General,

Defendant.

---

Reino J. Paaso, Esq. for and on behalf Plaintiff.

Mary Jo Madigan, Assistant United States Attorney for and on behalf of Defendant.

---

Before the Court is Defendant's motion to dismiss Count Two of the Complaint, in which Plaintiff alleges that she was terminated from her position at the St. Paul Post Office because of her disability in violation of the Americans with Disabilities Act and Rehabilitation Act.

For the purposes of the Defendant's Motion to Dismiss, the Court takes all facts alleged in Plaintiff's Complaint as true. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). Further, the Court must construe the allegations in the Complaint and reasonable inferences arising from the Complaint favorably to Plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss will be granted only if "it appears beyond doubt that the Plaintiff can

FILED AUG 13 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

prove no set of facts which would entitle [her] to relief." Id.; see Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court applies those standards in the following discussion.

Defendant argues that it is entitled to dismissal of Count Two, which alleges disability discrimination, because Plaintiff cannot show that she is disabled as defined by the Act. First, Plaintiff does not identify her disability, and she does not show how such disability substantially limits a major life activity. In her Complaint, Plaintiff only alleges that her disability prevents her from working in the St. Paul office. Defendant asserts that showing only that a person is unable to work at a single workplace or at a single job is not a substantial limitation. Helfter v. UPS, 115 F.3d 613 (8th Cir. 1997); Heilweil v. Mount Sinai Hospital, 32 F.3d 718 (2nd Cir. 1994).

Plaintiff responds to the motion to dismiss by asserting that she suffers from depression and post-traumatic stress disorder. Plaintiff further asserts that Defendant was aware of her condition, because it repeatedly required her to submit to fitness for duty evaluations. In deposition testimony, management expressed their perceptions that they believed Plaintiff suffered from a mental disability. Thus, Plaintiff argues that she is disabled as defined by the Act, as Defendant regarded her as disabled.

Plaintiff further asserts her treating physician, Dr. Hooley, recommended that she not work in the St. Paul office. She followed her doctor's advice, and took leave under the FMLA. She alleges that while on leave, she was given a negative work evaluation based in large part on her attendance record. Plaintiff

further alleges that Defendant refused to allow her to return to work after her medical leave.

Finally, Plaintiff asserts that the doctor that performed the fitness for duty evaluations was not given any work related information, which would allow the doctor to make the proper determination of whether she was fit for duty. Plaintiff thus questions whether the evaluations were for work related purposes.

The Court finds that Defendant is correct in its argument that one is not disabled, because he or she cannot work at a particular job site, or at one particular job. However, construing Plaintiff's allegations that Defendant regarded her as disabled, by repeatedly sending her to fitness for duty evaluations, without providing the physician the necessary work related information, in the light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently plead a claim of disability discrimination. Accordingly, Defendant's motion to dismiss will be denied.

IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss Count Two is DENIED.

Date:
August 13, 2001

Michael J. Davis
United States District Court