**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**JEAN SANDBERG,**

Plaintiff,

v.

**JOHN POTTER, United States Postmaster General/United States Postal Service Chief Executive Officer,**

Defendant.

Civil No. 00-2398 (MJD/JGL)

**O R D E R**

APPEARANCES

Reino Paaso, Esq., for Plaintiff.

Mary Jo Madigan, Esq., Assistant United States Attorney, for Defendant.

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter is before the undersigned Chief Magistrate Judge of District Court on Plaintiff's Motion to Determine Sufficiency of Responses (Doc. No. 72). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. FACTS

This lawsuit arises from claims of employment discrimination and wrongful discharge brought under the Americans With Disabilities Act. The same parties were involved in a prior case in which a jury awarded Plaintiff

FILED 7-16-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

$80,000 in damages. The current case involves alleged discrimination that occurred after the facts leading to the first case.

## II. DISCUSSION

On May 1, 2002 Plaintiff served Defendant with Requests for Admission. The discovery deadline in this case was December 1, 2001. Defendant objects to the requests on the basis of untimeliness. The only issue to be resolved is whether requests for admission are "discovery" such that they must be served prior to the discovery deadline. Plaintiff concedes that she served the requests after the discovery deadline. Therefore, if the Court determines that requests for admission must be served during the discovery period, Defendant need not respond.

Plaintiff argues that since requests for admission are not discovery tools they may be served after the discovery deadline. For support, Plaintiff cites Lakehead Pipe Line Co. v. American Home Assurance Co., 177 F.R.D. 454 (D. Minn. 1997). Specifically, Plaintiff relies on one sentence from that case: "Requests for Admissions are not a discovery device." Id. at 458. The Court finds that Plaintiff misconstrues this statement.

The Lakehead court did not make the above statement regarding the timing of requests for admission. Rather, the court made that statement to support its finding that the responses at issue in that case need not be supported by a recitation of the factual bases upon which they were based. See

id. The Lakehead court did not address the issue of the timing of requests for admission. Indeed, neither the District of Minnesota nor the Eighth Circuit has addressed the issue of whether requests for admission are subject to the discovery deadlines imposed by pretrial scheduling orders.

The Court has reviewed the case law and finds that the majority of courts hold that requests for admission are subject to discovery deadlines. See Gluck v. Ansett Australia Ltd., 204 F.R.D. 217, 219-20 (D.D.C. 2001); Corum Health Care Corp. v. MCI Worldcom Communications, Inc., No. 01-C 1096, 2001 WL 1467681, at *3 (N.D. Ill. Nov. 15, 2001); Revlon Consumer Prod. Corp. v. Estee Lauder Co., No. 00CIV.5960(RMB)(AJP), 2001 WL 521832, at *1 (S.D.N.Y. May 16, 2001); Epling v. UCB Films, Inc., Nos. CIV.A. 98-4226-SAC, CIV.A. 98-4227-RDR, 2000 WL 1466216, at *24 (D. Kan. Aug. 7, 2000); Equal Employment Opportunity Comm'n v. Fargo Assembly Co., No. CIV 3:99cv27, 2000 WL 33340307, at *2 (D.N.D. June 28, 2000); Jarvis v. Walmart Stores, Inc., 161 F.R.D. 337, 339 (N.D. Miss. 1995); Leach v. Quality Health Serv., Inc., 162 F.R.D. 40, 41-42 (E.D. Penn. 1995); Depew v. Hanover Ins. Co., 76 F.R.D. 8, 9 (E.D. Tenn. 1976). But see O'Neill v. Medad, 166 F.R.D. 19, 21 (E.D. Mich. 1996); Hurt v. Coyne Cylinder Co., 124 F.R.D. 614, 615 (W.D. Tenn. 1989).

Moreover, the construction of the Federal Rules of Civil Procedure require that the timing of requests for admission be determined by the discovery

schedule. The Revlon court has succinctly delineated the reasons why Rule 36 is subject to discovery deadlines:

> There should be no doubt that Requests for Admissions pursuant to Fed.R.Civ.P. 36 are a discovery device, from (1) the placement of Rule 36 in the section of the Federal Rules of Civil Procedure labeled "V. Depositions and Discovery," (2) the provision in Rule 36 that Requests for Admissions "may not be served before the time specified in Rule 26(d)," which section is entitled "Timing and Sequence of Discovery," (3) language in the Advisory Committee Notes to Rule 36 (1970 and 1993 Amendments) that makes clear that Rule 36 is part of "discovery procedures" and "discovery rules," and (4) the ability to impose sanctions under Rule 37 (entitled "Failure to Make Disclosure or Cooperate in Discovery") for violations of Rule 36. Clearly, Requests for Admissions are a discovery device and are covered by the discovery cut-off date.

Revlon, 2001 WL 521832, at *1. The Court finds this reasoning sound. In addition, our Local Rules consider requests for admission to be discovery devices. See D. Minn. LR 26.2, 37.2.

Therefore, the Court finds that requests for admission are subject to the deadlines imposed by the discovery schedule. The Court does not find this conclusion at odds with Lakehead which only addressed the issue of whether responses to requests for admission require explanations, not the issue of the timing of the requests themselves. Accordingly, Plaintiff's requests for admission were untimely filed and Defendant need not respond. It follows that Plaintiff's request for attorneys' fees and sanctions is also denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Determine Sufficiency of Responses (Doc. No. 72) is **DENIED**.

Dated: July 16, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge